# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALICIA EVERETTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:15-cv-1261-CCB |
| v. | ) | |
| | ) | |
| JOSHUA MITCHEM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MOBILOANS' RESPONSE TO PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

The Court should deny Ms. Everette's motion for jurisdictional discovery because it is well settled that tribal arms and entities such as MobiLoans share in their tribes' immunity. The case law and documentary evidence presented in support of MobiLoans' motion to dismiss establish its entitlement to immunity beyond any shadow of a doubt, obviating any need for discovery. Ms. Everette has failed to identify any specific facts or evidence that could overcome MobiLoans' showing of its entitlement to tribal sovereign immunity, and allowing her to go on a discovery fishing expedition in the absence of such a showing would undermine the purpose and intent of the immunity doctrine.

While the decision to deny or allow jurisdictional discovery is committed to the trial court's discretion, the Fourth Circuit has approved the denial of jurisdictional discovery in cases where "a plaintiff offers only speculation or conclusory assertions"

about facts that might establish jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402-403 (4th Cir. 2003); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 716 n.3 (4th Cir. 2002); *White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014) (approving denial of jurisdictional discovery in an "arm of the tribe" immunity case where the plaintiff offered "only speculative arguments"). This is such a case, as Ms. Everette has offered only speculation about irrelevant facts that she might discover if her motion were granted. *See* Doc. 42 at 2 & discussion, *infra*.

A skeptical eye towards jurisdictional discovery is particularly necessary in cases involving an immunity defense. This is because subjecting an immune defendant to a discovery fishing expedition "would deprive the [defendant] of the very immunity to which it is entitled." *Simmons v. Corizon Health, Inc.*, --- F. Supp. 2d ----, 2015 WL 4644812 at *14 (M.D.N.C. Aug. 4, 2015); *see also Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002); *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery."). Accordingly, "'discovery should be ordered circumspectly and only to verify allegations of *specific* facts *crucial* to an immunity determination.'" *Nyambal v. Int'l Monetary Fund*, 772 F.3d 277, 281 (D.C. Cir. 2014), *cert. denied* at 135 S. Ct. 2857 (2015), (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir.

1998) (internal punctuation omitted and emphasis added)); *see also Freeman*, 556 F.3d at 341-342. Mere "'conjecture and surmise' … cannot provide sufficient support to justify jurisdictional discovery" when a defendant has asserted immunity. *Nayambal*, 772 F.3d at 281 (quoting *Crist v. Rep. of Turkey*, 995 F. Supp. 5, 13 (D.D.C. 1998)); *see also Freeman*, 556 F.3d at 342.

As set forth in prior filings, MobiLoans is a tribally chartered and wholly owned arm of the Tunica-Biloxi Indian Tribe that shares in the Tribe's sovereign immunity. *See* Doc. 21-1; MobiLoans' Reply Brief in Support of Motion to Dismiss (filed contemporaneously herewith); *see also, e.g.*, *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1181 (10th Cir. 2010); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046-47 (9th Cir. 2006); *J.L. Ward Assocs., Inc. v. Great Plains Tribal Chairmen's Health Bd.*, 842 F. Supp. 2d 1163, 1176 (D.S.D. 2012); *Cash Advance & Preferred Cash Loans v. Colorado*, 242 P.3d 1099, 1110 (Colo. 2010) (*en banc*). All of the factors considered by federal appellate courts in assessing the immunity of tribal arms and enterprises support that conclusion. This has been clearly demonstrated by the documentary evidence and declarations submitted by MobiLoans, none of which Ms. Everette has disputed. *See* Docs. 21-2 – 21-4; Second Declaration of Marshall Pierite (filed with MobiLoans' Reply).

MobiLoans has proffered strong evidence and legal authority for its entitlement to immunity. Accordingly, Ms. Everette bears the burden of identifying specific, material facts to overcome MobiLoans' showing. *See, e.g.*, *Carefirst*, 334 F.3d at 402-403; *Freeman*, 556 F.3d at 341-342. She failed to meet this burden. As set forth in her motion, Ms. Everette seeks permission to obtain "detailed information" regarding the confidential financial data of MobiLoans as well as the Tunica-Biloxi Tribe, a sovereign tribal nation that is not even a party to this lawsuit. Doc. 42 at 2. The budget, resources, and financial health of the Tribe and its commercial enterprise are not among the factors set forth in *Breakthrough* and other leading cases discussing the appropriate framework for determining whether an entity is a tribal arm or enterprise entitled to share in a tribe's immunity. *See* Doc. 21-1; MobiLoans' Reply. This information is therefore entirely irrelevant.

Ms. Everette's desire to inquire into "whether actually in practice a non-tribal third party effectively owns, manages and controls" MobiLoans likewise fails to justify her request for discovery. She offers not a single scintilla of evidence that this is the case; she is "simply speculating … without offering any specific, non-conclusory factual allegations." *Nyambal*, 772 F.3d at 281. Moreover, her speculation is directly refuted by MobiLoans' unchallenged evidence showing that the Tribe owns and controls

MobiLoans. Ms. Everette's unsupported speculation falls well short of the bar that must be cleared to justify discovery in a case involving an immunity defense.

## CONCLUSION

Ms. Everette's "conclusory assertion that jurisdictional discovery [is] necessary seems almost like an attempt to use discovery as a fishing expedition rather that to obtain needed documents to defeat the tribal immunity claim." *Breakthrough*, 629 F.3d at 1190 (internal quotation omitted). The Court should not entertain Ms. Everette's expedition. Her motion for discovery should be denied.

Respectfully submitted this 8th day of September, 2015.

    /s/
Gregory M. Jacobs (MD Bar No. 18512)
gjacobs@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 508-5851
Facsimile:  (202) 585-0041

Charles W. Galbraith (Admitted *Pro Hac Vice)*
cgalbraith@kilpatricktownsend.com
Catherine F. Munson (Admitted *Pro Hac Vice)*
cmunson@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 508-5800
Facsimile:  (202) 508-5858

Mark H. Reeves (Admitted *Pro Hac Vice*)
mreeves@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
Enterprise Mill
1450 Greene St., Suite 230
Augusta, GA 30901
Telephone:  (706) 823-4206
Facsimile:  (706) 828-4488

*Counsel for MobiLoans, LLC*