IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALICIA EVERETTE | : | |
| | : | |
| v. | : | Civil No. CCB-15-1261 |
| | : | |
| JOSHUA MITCHEM, *et al.* | : | |

## MEMORANDUM

Alicia Everette seeks to represent a class of Maryland residents who obtained usurious payday loans made by Joshua Mitchem; Jeremy Shaffer; Scott Tucker; NDG Financial Corporation; MobiLoans, LLC ("MobiLoans"); and Riverbend Finance, LLC ("Riverbend") between May 1, 2012, and May 1, 2015, from the following companies: Action Payday, Bottom Dollar Payday, AmeriLoan, United Cash Loans, CashTaxi.com, MobiLoans, or Riverbend Cash. Everette requests an order certifying this lawsuit as a class action; a judgment against the defendants for violations of various Maryland commercial laws and the Electronic Fund Transfer Act, 15 U.S.C. § 1693m ("EFTA"); and the costs of litigation and attorney's fees.

Now pending are motions to dismiss filed by Mitchem, Shaffer, and Tucker, as well as the plaintiff's motions for discovery. An order of default was entered against defendant NDG Financial Corporation on August 6, 2015. The court granted MobiLoans' and Riverbend's motions to dismiss for lack of jurisdiction on November 20, 2015. The issues have been fully briefed, and no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, the court will grant the motions to dismiss filed by Mitchem, Shaffer, and Tucker, and the court will deny Everette's motions for discovery.

**BACKGROUND**

I. Mitchem and Shaffer

Everette obtained loans from Action Payday and Bottom Dollar Payday in 2013. (Compl. ¶ 43.) Action Payday and Bottom Dollar Payday are purportedly owned and operated by FSST Financial Services, LLC, a tribal lending entity wholly owned by the Flandreau Santee Sioux Tribe ("FSST"). (Compl. ¶¶ 29-30.) Everette claims that Action Payday and Bottom Dollar Payday are not wholly owned and operated by the FSST, but instead Mitchem and Shaffer own the lending companies and receive most of the profits from them, paying the FSST to use their name. (Compl. ¶¶ 35-36.) She claims that Action Payday and Bottom Dollar Payday made usurious loans and conditioned the extension of credit on repayment by means of preauthorized electronic fund transfers. (Compl. ¶¶ 48-50.) Mitchem and Shaffer argue that Everette fails to state a claim under the EFTA because her claim is barred by the statute of limitations.

II. Tucker

Everette took out loans from AmeriLoan and United Cash Loans in 2013. (Compl. ¶ 69.) The plaintiff alleges that, although AmeriLoan and United Cash Loans are purportedly owned by MNE Services, Inc., Tribal Financial Services, and AMG Services, Inc., they are actually owned and operated by Tucker. (Compl. ¶¶ 51-52.) Everette claims that the Miami Tribe of Oklahoma receives only one percent of gross revenue of the companies, and Tucker receives the remaining revenue. (Compl. ¶ 56.) She alleges that AmeriLoan and United Cash Loans made usurious loans and conditioned the extension of credit on repayment by means of preauthorized electronic fund transfers. (Compl. ¶¶ 73-75.) Tucker argues this court should dismiss the EFTA claim because it is time barred.

**ANALYSIS**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion, the court does not always have to limit its review to the pleadings. It can also take judicial notice of public records, including statutes, and can "consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and

authentic." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citations and internal quotation marks omitted).

The only basis for subject matter jurisdiction in this action is federal question jurisdiction, under 28 U.S.C. § 1331, based on Everette's EFTA claim. The EFTA provides that "[n]o person may . . . condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers." 15 U.S.C. § 1693k(1). "[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g). A continuing debiting of a consumer account for services that were not properly preauthorized could be a "continuing violation" of the EFTA, thus extending the statute of limitations for each such unauthorized debit, but transfers that took place more than one year before the date the plaintiff filed the complaint are barred by the statute of limitations. *See Diviacchi v. Affinion Grp., Inc.*, No. 14-10283-IT, 2015 WL 3631605, at *10 (D. Mass. Mar. 11, 2015) *report and recommendation adopted*, No. 14-10283-IT, 2015 WL 3633522 (D. Mass. June 4, 2015)[1] (holding that a plaintiff could bring a § 1693 claim for the unauthorized transfers that took place within one year of filing the complaint, but prior transfers were barred by the statute of limitations).

In this case, the plaintiff filed her complaint on May 1, 2015. For an EFTA claim to be timely, an unauthorized fund transfer must have occurred on or after May 1, 2014. Everette obtained all of her loans in 2013, and she partially repaid those loans that same year. (Compl. ¶¶ 48, 69.) Her complaint does not allege any fund transfer in 2014. After reviewing her bank records, she confirmed there were no electronic fund transfers relating to any of the payday loans on or after May 1, 2014. (Pl.'s Suppl. Mem. 1, ECF No. 67.) Therefore, Everette's EFTA claim

---

[1] Unpublished cases are cited not as precedent but for the relevance and persuasiveness of their reasoning.

is barred by the statute of limitations. Having concluded that no federal claim remains, the court declines to exercise supplemental jurisdiction over Everette's state law claims. *See* 28 U.S.C. § 1367(c)(3).[2]

## CONCLUSION

For the reasons stated above, the court will grant the motions to dismiss filed by Mitchem, Shaffer, and Tucker, and the court will deny the plaintiff's motions for discovery.

A separate order follows.


February 8, 2016                  _____/S/_____
Date                                         Catherine C. Blake
                                                           United States District Judge

---

[2] Because the court will grant the defendants' motions to dismiss, the court will deny the plaintiff's motions for discovery. (ECF Nos. 42, 61.)